UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO:

ANGELIA JACOBS,

    Plaintiff,

v.

ALSCO, INC., a foreign profit corporation,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ANGELIA JACOBS ("Plaintiff") pursuant to 29 U.S.C. § 216(b) files the following Complaint for Damages and Demand for Jury Trial against Defendant, ALSCO, INC., (hereafter "ALSCO") and alleges the following:

### INTRODUCTION

1. Defendant unlawfully deprived Plaintiff of overtime compensation during the course of her employment. This is an action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all overtime wages owed to Plaintiff.

### PARTIES

2. During all times material hereto, Plaintiff was a resident of Lee County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, ALSCO, was a foreign profit corporation transacting business within Lee County, Florida, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Defendant, ALSCO, was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

5. Defendant, ALSCO, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

6. All acts and/or omissions giving rise to this dispute took place within Lee County, Florida, which falls within the jurisdiction of this Honorable Court.

7. Defendant, ALSCO, is headquartered at 505 E. 200 South, Salt Lake City, Utah 84102, regularly transacts business in Lee County, Florida and employed Plaintiff in Lee County, Florida. Therefore, jurisdiction is proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

8. Venue is proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

9. Defendant, ALSCO, provides professional textile rental services, washroom supplies, first aid services, and floor care. *See https://alsco.com/services/* (last visited December 16, 2021).

10. Defendant, ALSCO, employs more than 20,000 employees in the United States and operates several factories to provide services to its customers.

11. Defendant hired Plaintiff as manager on June 1, 2021. However, Plaintiff was enrolled in Defendant's training program and performed work as a non-exempt trainee until her unlawful termination on August 10, 2021.

**FLSA COVERAGE**

12.     Defendant, ALSCO, is covered under the FLSA through enterprise coverage, as ALSCO was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, ALSCO engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. ALSCO's business and Plaintiff's work for ALSCO affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

13.     During her employment with Defendant, ALSCO, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: hand tools, telephones, pens, notepads, computers, cellular telephones, order forms, paint, cleaning uniforms, work shirts, face masks, tarps, spray cans, drop cloths, buckets, disposable gloves, face shields, isolation gowns, first aid kits, anti-fatigue mats, logo mats, scraper mats, wet & dry mops, chemicals, clothes, irons, steamers, industrial equipment, microfiber mops, industrial towels, etc.

14.     ALSCO also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making ALSCO's business an enterprise covered by the FLSA.

15.     ALSCO grossed or did business in excess of $500,000.00 in the years 2019, 2020 and 2021.

16.     During all material times hereto, Plaintiff was a non-exempt employee of Defendant, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANT

17. Plaintiff worked for Defendant as a non-exempt management trainee from June 1, 2021 until August 10, 2021.

18. Plaintiff was in Defendant's training program during her entire employment period.

19. Defendant agreed to pay Plaintiff an annual salary of $50,000 per year, including during training.

20. Although Plaintiff was hired to eventually become a manager, as a trainee, she was required to learn the roles of all of the positions that she would ultimately supervise once she completed her training. Therefore, Plaintiff performed non-exempt duties during training including but not limited to manual labor, factory work, and learning about Defendant's policies and procedures.

21. During her employment with Defendant, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendant; (iv) did not hire or fire any employees; (v) did not make any suggestions to hire or fire any employees; and (vi) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties.

22. Moreover, Defendant did not assign Plaintiff any management duties during the training program.

23. Plaintiff worked an average of fifty-five (55) hours per week during her employment period.

24. After hiring Plaintiff, Defendant regularly oversaw Plaintiff's work and knew, or should have known, the number of hours Plaintiff worked each workweek.

25. However, Defendant never paid Plaintiff overtime wages when she worked in excess of forty (40) hour per week.

26. Moreover, Defendant did not maintain accurate time records during Plaintiff's employment period.

27. As a result of Defendant's intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207**

28. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 27 as though set forth fully herein.

29. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

30. Defendant misclassified Plaintiff as an exempt employee during Plaintiff's employment period. The economic realities of Plaintiff's employment with Defendant render her non-exempt and entitled to overtime wages when she worked in excess of 40 hours in a workweek.

31. During one or more workweeks, Plaintiff performed work for Defendant for which she should have received time-and-one-half her regular hourly rate for the hours worked in excess of forty (40).

32. Defendant refused to pay Plaintiff one-and-one-half her regular hourly rate for some hours of work performed over forty (40) in one or more work weeks of her employment.

33. Plaintiff therefore claims the federal overtime wage rate for each hour worked in excess of forty (40) per week during her employment for which she was not properly compensated.

34. Defendant willfully and intentionally refused to pay plaintiff the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

35. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

36. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, ANGELIA JACOBS, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, ALSCO, INC., and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) reasonable attorney's fees and costs; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ANGELIA JACOBS, requests and demands a trial by jury on all appropriate claims.

**Dated this 18th day of January 2022.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on January 18, 2022.

> By: */s/ Jordan Richards*
> JORDAN RICHARDS, ESQUIRE
> Florida Bar No. 108372

## **SERVICE LIST:**